# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE PAYAN DE SOLIZ,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | Case No. 1:24-cv-00042-JLT-SAB<br><br>ORDER VACATING DECEMBER 18, 2024 HEARING AND DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF<br><br>(ECF Nos. 20, 22) |

On November 7, 2024, Defendant filed a motion to compel an independent medical examination of Plaintiff and requested that a hearing be set over thirty-five days in advance.[1] (ECF No. 20.) The hearing is currently set for December 18, 2024 before the undersigned.

On December 4, 2024, fourteen days prior to the hearing date, Plaintiff filed a declaration by counsel in opposition to the motion to compel. (ECF No. 22.) Therein, Plaintiff requests that the motion be removed from calendar because Defendant failed to send Plaintiff a joint statement re discovery disagreement pursuant to Local Rule 251(a) and no such statement has been filed.

Pursuant to Local Rule 251, a hearing on any discovery motion pursuant to Federal Rules of Civil Procedure 26 through 37 and 45 requires the joint statement regarding the discovery disagreement or an affidavit to be filed at least fourteen (14) days before the scheduled hearing

---

[1] It is unclear whether Defendant brings the motion in accordance with the process set forth in Local Rule 230 or 251. The Court offers no opinion whether the motion could be properly brought pursuant to Local Rule 230 when it involves issues associated with Fed.R.Civ.P 26-37. Because Defendant informed Plaintiff on October 24, 2024 that it would send Plaintiff a joint statement, the Court proceeds with the understanding that Defendant intended to bring the motion in accordance with Local Rule 251.

1

date. L.R. 251(a). If the moving party "is unable, after a good faith effort, to secure the cooperation of counsel for the opposing party in arranging the required conference, or in preparing and executing the required joint statement, counsel for that party may file and serve an affidavit" containing specific information. L.R. 251(d). If a joint statement or affidavit is not timely filed, the hearing may be dropped from the calendar without prejudice. Id.

The deadline to file the joint statement or an affidavit was December 4, 2024. Because no joint statement or affidavit was filed by the deadline, the Court shall vacate the hearing on Defendant's motion and deny the motion without prejudice to Defendant refiling.

The Court strongly encourages the parties to engage in the Court's informal discovery process. Upon the stipulation of the involved parties, the Court will resolve discovery disputes outside the formal Local Rule 251 procedures by conducting an informal video conference. The parties are required to first meet and confer in a good faith effort to resolve the dispute without the intervention of the court. If meet and confer efforts fail to resolve the discovery dispute and the parties agree to pursue an informal resolution of the dispute, the moving party shall advise the Court's Courtroom Deputy, Jan Nguyen, of the dates and times in the next 2-14 days when all involved parties are available for the informal video conference. The parties would be required to file a joint letter brief, not to exceed four pages, at least 24 hours before the scheduled informal video conference describing the parties' meet and confer efforts and providing a synopsis of the discovery dispute.

Accordingly, pursuant to Local Rule 251(a), IT IS HEREBY ORDERED that the hearing on Defendant's motion to compel an independent medical examination of Plaintiff, set for December 18, 2024, is VACATED, and the motion (ECF No. 20) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **December 5, 2024**

STANLEY A. BOONE
United States Magistrate Judge